JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Washtenaw

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VOTE FOR US, INC. and MICHAEL STERN

## DEFENDANTS
TOP RATED ONLINE, LLC, HASAN SIDDIQUI, and LEONA STEIN a/k/a LEONA SIDDIQUI

**(b)** County of Residence of First Listed Plaintiff: Colorado
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Washtenaw
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeremy C. Kennedy (P64821)    (734) 665-4441
24 Frank Lloyd Wright Dr., Ste. D-2000
Ann Arbor, MI 48105

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [X] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 USC 1332
Brief description of cause: Breach of contract between parties in different states.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 750,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/15/2024
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTE FOR US, INC., a Colorado corporation,
and MICHAEL STERN, an individual,

   Plaintiffs,          CASE NO. 2:24-cv-10107

v.                  HON.

TOP RATED ONLINE, LLC, a Michigan
limited liability company, HASAN SIDDIQUI,
an individual, and LEONA STEIN a/k/a
LEONA SIDDIQUI, an individual, jointly and
severally,

   Defendants.
_____

Jeremy C. Kennedy (P64821)
Pear Sperling Eggan & Daniels, P.C.
Attorneys for Plaintiffs
24 Frank Lloyd Wright Drive, Ste. D-2000
Ann Arbor, Michigan  48105
(734) 665-4441
jkennedy@psedlaw.com
_____/

## **COMPLAINT**

  NOW COMES the Plaintiff, VOTE FOR US, INC., by and through its counsel, PEAR SPERLING EGGAN & DANIELS, P.C., and for its Complaint against Defendant, Top Rated Online, LLC, states as follows:

  1. Plaintiff Vote for Us, Inc. ("Vote for Us") is a Colorado corporation, with its primary place of business in Boulder, Colorado.

  2. Vote for Us began the process of winding down in or about April of 2023.

3. Plaintiff Michael Stern is the sole remaining shareholder of Vote for Us and is an individual residing in the State of California.

4. Defendant Top Rated Online, LLC ("Top Rated"), is a Michigan limited liability company with its primary place of business in Ann Arbor, Michigan.

5. Defendant Hasan Siddiqui is the owner of Top Rated Online, LLC. Top Rated is the named "Licensee" in a License and Asset Purchase Agreement made between Top Rated and "Licensor" Vote for Us, Inc. Mr. Siddiqui resides in Fenton, Michigan.

6. Defendant Leona Stein, a/k/a Leona Siddiqui, is the manager, member, and resident agent of Defendant Top Rated Online, LLC and resides in Fenton, Michigan.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy with respect to each Plaintiff exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of different states.

8. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391 because Defendant resides here and a substantial part of the events and/or omissions giving rise to this claim occurred here, and/or a substantial part of the property that is the subject of the action is located here.

## GENERAL ALLEGATIONS

9. Vote for Us was engaged in the business of online marketing and sales of informing business owners of positive online public opinion and providing information and promotional materials, such as plaques, to increase exposure and improve the reputation of business owners with the trade name "In the Spotlight." Vote for Us was also engaged in the business of manufacturing the plaques sold to business owners.

10. Mr. Siddiqui previously worked for Vote for Us for many years and had been the exclusive representative of Plaintiff for a period of ten months.

11. In 2016, Top Rated, Vote for Us, Michael Stern, non-party Alex Stern, and Hasan Siddiqui and Leona Stein a/k/a Leona Siddiqui, entered into a License and Asset Purchase Agreement, ("License Agreement"), in which Vote for Us (Licensor) granted a license to Top Rated (Licensee) to use certain assets belonging to Vote for Us, make sales on behalf of Vote for Us, and for Vote for Us to pay Top Rated a commission on the sales. This License Agreement also provided for an option for Top Rated to purchase the assets of Vote for Us, dependent upon full achievement of cumulative sales. (**Exhibit A**.)

12. In December of 2016, Top Rated debtor and Vote for Us as secured party, entered into a Uniform Commercial Code – Security Agreement ("Security Agreement"), which granted and assigned to Vote for Us a "continuing security interest in and lien on the following property and any and all additions, accessions, and substitutions thereto or therefor (hereinafter called the 'Collateral'):

> All of the assets of Debtor used in or related to the Debtor's business including, but not limited to equipment, machinery, inventory, trade fixtures, instruments, good will, accounts receivable, general intangibles, customer lists, whether now owned or hereafter acquired, and cash and non-cash proceeds and products hereof and all additions, substitutions, and accessions thereto of any of the foregoing."
> (**Exhibit B**.)

13. Per the terms of the Security Agreement, the Debtor Top Rated expressly warranted and covenanted:

   a. Vote for Us has a first priority security interest in the Collateral;

   b. The Collateral is used primarily for use in Top Rated's business;

   c. The Collateral is to be kept at Top Rated's place of business, located at 1115 S. University, Ste. A, Ann Arbor, MI 48104;

   d. Until default, Top Rated may have possession of the Collateral and use it in any lawful manner; and

  e.  Upon default, Vote for Us, as the secured party "shall have the immediate right to possession of the Collateral as according to law."

14.  Per the terms of the Security Agreement, the parties agreed that the Top Rated is in default upon the happening of any of the following:

  a.  Default in the payment or performance of any obligation, covenant, or liability contained or referred to in this Security Agreement or in the Agreement evidencing the same provided notice to cure is delivered as sets forth in the Agreement;

  b.  The making or furnishing of any warranty, representation, or statement to Vote for Us by or on behalf of Top Rated which proves to have been false in any material respect when made or furnished;

  c.  Loss or encumbrance to or of any of the Collateral, or the making of any levy seizure or attachment thereof or thereon;

  d.  Dissolution, termination of existence, insolvency, bankruptcy, business failure, appointment of a receiver of any part of the property, assignment for the benefit of creditors by, or the commencement of any proceeding under any bankruptcy laws of, by or against Top Rated.

15.  Per the terms of the Security Agreement, the parties agreed that upon such default, Vote for Us shall have all of the remedies of a secured party under Article 9 of the Michigan Uniform Commercial Code. The Security Agreement also states:

  a.  Vote for Us may require Debtor to assemble Collateral and deliver or make it available to Vote for Us at a place to be designated by Vote for Us which is reasonably convenient to both parties.

4

    b.    In the event Vote for Us brings any action to foreclosure to enforce this Security Agreement, it shall recover the costs of retaking, holding, preparing for sale, selling or the like of the Collateral.

    c.    In the event either party hereto brings any action, either in law or equity, to enforce or interpret the terms of the Security Agreement, the prevailing party shall be entitled to recover its attorneys' fees in addition to any other award.

16.    The License and Purchase Agreement details the parties' agreement as to Commission:

    a.    The "term" of the license began on December 5, 2016 and ends when sales generated by Top Rated reaches the Cumulative Gross Income;

    b.    During the "term", for each business week, Top Rated shall have a sales quota of Gross Income of at least $10,000.

    c.    As to the Gross Income achieved each business week, Vote for Us shall pay to Top Rated the following Commission:

        i.    For Gross Income $10,000 and beyond – 37.5% Commission;

        ii.    For Gross Income between $7,500 and $9,999.99 – 35% Commission;

        iii.    For Gross Income between $5,000 and $7,499.99 – 30% Commission;

        iv.    For Gross Income less than $5,000 – 25% Commission.

17.    Per the terms of the License and Asset Purchase Agreement, Vote for Us granted a license to Top Rated to use Vote for Us' assets, make sales on behalf of Vote for Us, and receive a commission from Vote for Us.

18.    In 2022, Top Rated ceased all payments to Vote for Us for sales made on behalf of Vote for Us.

19. Despite this, Top Rated continued to use Plaintiff's license to: use Vote for Us's sales system to operate the business and sell plaques; use Vote for Us's trade name, trademarks, domain name "In the Spotlight.com", and service marks; and use Vote for Us's proprietary information and VFU Database Filemaker.

20. Defendant Top Rated's failure to pay Plaintiff under the License Agreement is a default under the License Agreement and Security Agreement.

21. The remaining gross profit is approximately $750,000, that is due and owing to Plaintiff less Commissions owed to Defendant per the terms of the License and Asset Purchase Agreement.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiffs hereby reassert, reallege, and incorporate by reference herein Paragraphs 1-21 of this Complaint, including all subparagraphs, as if fully restated.

23. On or about December of 2016, the Plaintiff, Vote for Us, granted a license to Defendant Top Rated, Defendant Hassan Sidiqui and Defendant Lorena Stein to use its assets and make sales on behalf of Plaintiff, for which Defendant received a value including Commissions based on weekly Gross Income, per the License and Asset Purchase Agreement set forth in Exhibit A.

24. As outlined in the paragraphs above, Defendants have defaulted under the terms and conditions of the License Agreement and the Security Agreement, (collectively, "Agreements"), for the reason that, among other things, the Plaintiff has not received the payments due under the License Agreement.

25. Vote for Us has demanded that the Defendants pay the entire unpaid balance, plus all interest and costs pursuant to the terms and conditions of the Agreements, but, as of the date of this complaint, the Defendant has failed to pay the amount demanded.

26. As of the date of this filing, the amount due and owing to the Plaintiff under the Agreements is approximately $750,000.00, plus interest, costs, attorney fees, and other charges as specified in the Agreements.

27. This breach by Defendants has caused Plaintiffs to suffer injuries including but not limited to loss of revenue, loss of business opportunities, loss of income, and other damages.

28. The Plaintiff requests that this Court enter judgment in its favor against the Defendant, Top Rated, in the amount of $750,000.00 plus costs of enforcement including, but not limited to, additional attorney fees, together with statutory costs and accruing interest, and grant to it such other and further relief as is appropriate.

WHEREFORE, Plaintiffs hereby respectfully request that, as to Count I, this Honorable Court award them damages in the amount of $750,000.00 plus costs of enforcement including, but not limited to, additional attorney fees, together with statutory costs and accruing interest, and grant to it such other and further relief to which they are found to be entitled to recover in law and equity.

## COUNT II
## FORECLOSURE OF SECURITY AGREEMENT

29. Plaintiffs hereby reassert, reallege, and incorporate by reference herein Paragraphs 1-28 of this Complaint, including all subparagraphs, as if fully restated.

30. In December 2016, the Plaintiff Vote for Us, granted a license to Defendant Top Rated to use its assets and make sales on behalf of Plaintiff, for which Defendant received a value

including Commissions based on weekly Gross Income, per the License and Asset Purchase Agreement. (Exhibit A).

31. As collateral for the license, the Defendant entered into a Security Agreement with the Plaintiff granting the Plaintiff a security interest in the collateral described in the Security Agreements. (Exhibit B).

32. The Plaintiff perfected its security interest pursuant to the Security Agreements by filing financing and continuation statements with the Michigan Secretary of State. (Exhibit C).

33. Pursuant to the Security Agreement, the Plaintiff is entitled to immediate possession of all assets described in the Security Agreement.

34. All of the property claimed are independent pieces of property or a portion of divisible property of uniform kind, quality, and value.

35. The property covered by the Security Agreements is in the Defendants' custody by virtue of the License and Asset Purchase Agreement and the Security Agreement.

36. By virtue of the Security Agreement, the Plaintiff's perfected security interest, and the default of the Defendant, the Plaintiff is entitled to immediate possession of all of the property covered by the Security Agreements.

37. The property is presently subject to damage, accident, sale, or deterioration due to the passage of time, depreciation, and disposal or dissipation by the Defendant.

38. On information and belief, the property has an aggregate value that is less than the indebtedness due and owing to the Plaintiff.

39. Under the Security Agreement, the Plaintiff is entitled to access to the books and records of the Defendant. The access to the books and records is essential for the Plaintiff to determine the location and status of all of the property covered by the Security Agreements.

Furthermore, such access to the books and records is essential for the Plaintiff to pursue its remedies with respect to the sale or other disposition of the collateral.

WHEREFORE, as to Count II, the Plaintiff hereby respectfully request that this Court enter judgment in their favor granting the following relief:

a. Enter an Order directing Defendants Top Rated to show cause why the Sheriff of Washtenaw County should not be authorized to take immediate possession of all property covered by the Security Agreement and thereafter deliver the property to the possession of the Plaintiff in accordance with MCR 3.105 and MCL 600.2920.

b. Grant the Plaintiff a judgment entitling it to possession of the property covered by the Security Agreement and further determining the value of the property, the priority of the respective parties' interests in the property, and the amount of the unpaid debt and damages to be awarded the Plaintiff, or to allow the Plaintiff to sell the property and apply the proceeds against the indebtedness.

## COUNT III
## ACTION FOR ACCOUNTING

40. Plaintiffs reassert, reallege, and incorporate by reference Paragraphs 1-39 of this Complaint as if fully restated herein.

41. Notwithstanding any relief to which Plaintiffs may be found entitled under any other Count of this Complaint, Plaintiffs are entitled, in both equity and law, to an accounting of all profits earned by the Defendants since the inception of the Agreement.

42. An accounting is an equitable remedy under the common law. The purpose of ordering an accounting is to determine the amount due to a party

43. The equitable remedy of an accounting developed in courts of equity because it was evident that many cases arise in which the determination of what is justly due to a plaintiff

9

necessarily involves long and difficult inquiries for instance, it may be necessary to review a series of transactions extending over many years.

44. Plaintiffs have a right to determine what other payments may have not been made, and they have a right to an equitable accounting under Michigan law, and they request the Court grant them that relief.

WHEREFORE, as to Count III, Plaintiffs hereby respectfully request that this Honorable Court order a receiver be appointed to perform a full and complete accounting of the receipts received and payments made under the Agreement to determine what amount is due to Plaintiffs.

WHEREFORE, as to all counts, Plaintiffs VOTE FOR US, INC. and MICHAEL STERN hereby respectfully request that this Honorable Court grant them the following relief:

a. Award them damages in the amount of $750,000.00;

b. Award them costs of enforcement including, but not limited to, additional attorney fees;

c. Award them statutory costs and accruing interest;

d. Allow Plaintiffs to take possession of the property covered by the Security Agreement and further determining the value of the property, the priority of the respective parties' interests in the property, and the amount of the unpaid debt and damages to be awarded the Plaintiff, or to allow the Plaintiff to sell the property and apply the proceeds against the indebtedness, and grant to it such other and further relief to which they are found to be entitled to recover in law and equity;

    e. Court order a receiver be appointed to perform a full and complete accounting of the receipts received and payments made under the Agreement to determine what amount is due to Plaintiffs; and

    f. Award Plaintiffs such other relief, at law or in equity, to which they may be found to be entitled to recover.

Dated: January 15, 2024        Respectfully Submitted,

PEAR SPERLING EGGAN & DANIELS, P.C.

BY: /s/ Jeremy C. Kennedy
     Jeremy C. Kennedy (P64821)
Attorneys for Plaintiffs
24 Frank Lloyd Wright Drive, Suite D-2000
Ann Arbor, Michigan 48105
(734) 665-4441
jkennedy@psedlaw.com

## JURY DEMAND

NOW COME the Plaintiffs, by and through their attorneys, and hereby demand a trial by jury on all issues so triable herein.

Dated: January 15, 2024        Respectfully Submitted,

PEAR SPERLING EGGAN & DANIELS, P.C.

BY: /s/ Jeremy C. Kennedy
     Jeremy C. Kennedy (P64821)
Attorneys for Plaintiffs
24 Frank Lloyd Wright Drive, Suite D-2000
Ann Arbor, Michigan 48105
(734) 665-4441
jkennedy@psedlaw.com