UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTE FOR US, INC., *et al.*,

    Plaintiffs.

v.

TOP RATED ONLINE, LLC, and
HASAN SIDDIQUI,

    Defendants.
_____/

Case No. 24-10107

Hon. George Caram Steeh

## OPINION AND ORDER GRANTING DEFENDANT SIDDIQUI'S MOTION TO DISMISS (ECF NO. 16)

Before the court is Defendant Hasan Siddiqui's motion to dismiss, which has been fully briefed. For the reasons explained below, Defendant's motion is granted.

## BACKGROUND FACTS

Plaintiff Vote for Us, Inc., was in the business of online marketing and sales. Defendant Hasan Siddiqui worked for Vote for Us for a number of years and was the exclusive representative of the company for about ten months. In 2015 and 2016, Siddiqui began taking customers from Vote for Us and servicing those customers through Top Rated Online, LLC, a company he owned. ECF No. 10 at ¶ 10. Upon learning this, Vote for Us

threatened litigation, and the parties resolved their dispute by entering into a Licensing Agreement. *Id.* at ¶ 12. The agreement granted a license to Top Rated to use certain assets belonging to Vote for Us and make sales on behalf of Vote for Us. *Id.* The parties also entered into a Security Agreement, which granted Vote for Us a security interest in Top Rated's assets. *Id.* at ¶¶ 16-17. Under the Licensing Agreement, Vote for Us was to pay Top Rated a weekly commission, and Top Rated had a minimum sales quota of $2,500 a week. *Id.* at ¶¶ 20, 22.

According to the amended complaint, Top Rated often did not meet the minimum sales quota and ceased all payments in 2022. ECF No. 10 at ¶¶ 22-24. Nonetheless, Plaintiff alleges that Top Rated continued to use Plaintiff's trade name, trademarks, domain name, service marks, sales system, and other licensed assets, in breach of the Licensing and Security Agreements. Plaintiff contends that Siddiqui is also in breach of the Licensing Agreement as its "guarantor." *Id.* at ¶ 27. In addition to its breach of contract claim, Plaintiff asserts claims for foreclosure of the Security Agreement, an accounting, and tortious interference with a business expectancy. The tortious interference claim appears to be directed to Siddiqui only.

Top Rated has filed a counterclaim, also alleging breach of the Licensing Agreement. Siddiqui has moved for dismissal of the contract and tortious interference claims against him.

## LAW AND ANALYSIS

I.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

When ruling on a motion to dismiss, the court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

II.      Breach of Contract

The parties agree that Michigan law applies. The elements of a breach of contract claim are as follows: "(1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Burton v. William Beaumont Hosp.*, 373 F. Supp.2d 707, 718 (E.D. Mich. 2005) (citation omitted). The court construes unambiguous contractual language as written, and the enforcement of an unambiguous contract is a question of law for the court. *Quality Prod. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 375, 666 N.W.2d 251, 259 (2003).

Plaintiff alleges that Siddiqui is liable under the Licensing Agreement as a "guarantor" of Top Rated, although it does not point to any such language in the agreement. See ECF No. 10 at ¶ 27. Plaintiff also contends that Siddiqui is liable under the Licensing Agreement because he is a party and has "obligations" under the agreement. ECF No. 18 at PageID 224. Although Siddiqui is a party to the agreement, Plaintiff has failed to identify any contractual provision that he has personally violated. Plaintiff has also not identified any contractual provision requiring Siddiqui to guarantee Top

Rated's performance. Siddiqui's mere ownership of Top Rated is insufficient to hold him personally liable for Top Rated's alleged breach. *See Wells v. Firestone Tire & Rubber Co.*, 421 Mich. 641, 650, 364 N.W.2d 670, 674 (1984) ("We recognize the general principle that in Michigan separate entities will be respected."). Plaintiff has not pleaded a plausible breach of contract claim against Siddiqui.

Plaintiff suggests that, in the alternative, its claim against Siddiqui should be allowed to proceed under a theory of recoupment. "Recoupment decreases the plaintiff's recovery by reducing any judgment in its favor by any claim the defendant may have to damages arising out of the same contract or transaction." *McCoig Materials LLC v. Galui Const., Inc.*, 295 Mich. App. 684, 696 (2012). Recoupment is an affirmative defense or "in effect, a counterclaim or cross action for damages." *Id.* at 694-95. "The defense of recoupment is applicable to 'claims arising out of the same contract or transaction.'" *Id.*

The problem with Plaintiff's theory is that recoupment is not a standalone claim, but an affirmative defense. Siddiqui has not asserted a claim against Plaintiff, so it follows that Plaintiff does not have a basis to assert the affirmative defense of recoupment against Siddiqui.  A

...

recoupment theory does not stand independently or provide a basis to rescue Plaintiff's breach of contract claim.

### III. Tortious Interference

To state a claim for intentional interference with a business relationship or expectation, "a plaintiff must allege the following elements: (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy by defendant; (3) an intentional interference by defendant inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the plaintiff." *Hobart-Mayfield, Inc. v. Nat'l Operating Comm. on Standards for Athletic Equip.*, 535 F. Supp. 3d 638, 649-50 (E.D. Mich. 2021), *aff'd*, 48 F.4th 656 (6th Cir. 2022) (quoting *Badiee v. Brighton Area Sch.*, 265 Mich. App. 343, 365-66, 695 N.W.2d 521 (2005)). "[T]he interference with a business relationship must be improper in addition to being intentional." *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, 898 F.3d 710, 715 (6th Cir. 2018). Intentional interference "means that the defendant's purpose or desire is to cause an interference with a contract or business relationship." *Id.* at 716. "[T]he 'improper' nature of an interference is shown by proving either (1) conduct that is inherently wrongful, or (2) conduct that

is inherently legitimate, but which becomes wrongful in the context of the defendant's actions and malice." *Id.* at 716-17. "If the defendant's conduct was not wrongful per se, the plaintiff must demonstrate specific, affirmative acts that corroborate the unlawful purpose of the interference." *Id.*; *see also Hobart-Mayfield*, 535 F. Supp.3d at 649-50 ("Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference.") (citation omitted).

Plaintiff alleges that, while Siddiqui worked for Vote for Us, he began diverting customers from Vote for Us to Top Rated. Plaintiff further alleges that it had a valid business expectancy with its customers and that Siddiqui knew of this expectation. ECF No. 10 at ¶¶ 53-59. Siddiqui allegedly caused a breach or termination of this expectancy by diverting customers to Top Rated, causing Plaintiff damages. *Id.*

Missing from Plaintiff's allegations are facts suggesting that Siddiqui's alleged interference was both intentional and improper. *See* ECF No. 18 at PageID 223. Therefore, Plaintiff has not plausibly alleged a tortious interference claim against Siddiqui.[1]

---

[1] Accordingly, the court need not consider Defendant's argument that the tortious interference claim is time barred.

CONCLUSION

IT IS HEREBY ORDERED that Defendant Siddiqui's motion to dismiss (ECF No. 16) is GRANTED.

Dated: November 5, 2024

                                          s/George Caram Steeh
                                          HON. GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 5, 2024, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk

---